Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>Defendant. | NO. A06-0010 CR (JWS)<br><br>**MEMORANDUM IN SUPPORT<br>OF MOTION TO EXCLUDE<br>IN-COURT IDENTIFICATION** |

The defense anticipates that trial evidence in this case will include in-court identification by at least one witness to the bank robbery.  The defense has not been provided with documentary discovery concerning a line-up or show-up.  However, the prosecution orally informed the defense that a customer from the credit union, who witnessed the robbery, was brought to 727 O Street, where Joshua Patterson was arrested, for a "show up."

The court should exclude in-court identification, which is the product of impermissibly suggestive out-of-court identification procedures.  For example, if the

defendant were pointed out by police, alone in a squad car, such procedure could taint future in-court identification by the same witness.

The courts have long held that the Due Process clause of the Constitution protects defendants and the courts from eyewitness identification based on impermissibly suggestive procedures. Stovall v. Denno, 388 U.S. 293 (1967); Neil v. Biggers, 409 U.S. 188 (1972); Manson v. Brathwaite, 432 U.S. 98 (1977). To prevent a due process violation, this court must ascertain:

1. What were the identification procedures used here?

2. Were the procedures impermissibly suggestive?

3. Do the identification procedures affect the reliability of in-court identification?

This court, following Biggers and relevant Ninth Circuit authority, must determine whether the "totality of circumstances" give rise to a substantial likelihood of misidentification. United States v. Kessler, 692 F.2d 584, 585 (9th Cir. 1982). The witness' level of certainty at the "show-up" is weighed against the corrupting effect of suggestive identification. Manson v. Brathwaite, 432 U.S. at 114.

In United States v. Beck, 418 F.3d 1008 (9th Cir. 2005) the Ninth Circuit Court of Appeals considered whether identification procedures violated the defendant's due process rights. In Beck, a bank robbery case, the FBI agents used the surveillance photo of the bank robber before showing a photo-lineup. The court found that such procedures were not "impermissibly suggestive." That case presents better procedures than were used here if Mr. Patterson were pointed out by police in custody. The surveillance photo

in Beck was the real robber, not a suspect chosen by police. In addition, the Beck case used a photo spread with multiple suspects instead of a single suspect in a show-up.

In conclusion, the defense respectfully requests the court to take testimony regarding the show-up procedures and exclude any in-court identification at trial, which is based on impermissibly suggestive pretrial procedures.

DATED this 6th day of February 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:    907-646-3400
Fax:      907-646-3480
E-Mail:   sue_ellen_tatter@fd.org