Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>     Defendant. | NO. A06-0010 CR (JWS)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS** |

**I.    FACTUAL SUMMARY**

Credit Union One on Eide Street was robbed at about 3:15 p.m. on January 11, 2006. Police followed a tracking device to 727 O Street. They arrested Joshua Patterson at the residence about 3:40 p.m. They entered the home and obtained a gun, clothing and money at approximately 3:45 p.m. (Times are contained in the police department dispatch log.)

Anchorage Police secured the scene. Sometime after 5:00 p.m., agents of the FBI arrived at the scene and took custody of Mr. Patterson. They brought him to the FBI headquarters. The affidavit of FBI Agent Chris Jones states that Mr. Patterson

received Miranda rights at 8:05 p.m., although the discovery does not contain a written form or waiver. Thus, Mr. Patterson was in custody for more than four (4) hours before he received notice of his rights.

After an alleged waiver of rights, Mr. Patterson then proceeded to make damaging statements such as the fact that he wanted to "get this over with" and that he could "clear up" things if the agents promised in writing not to prosecute his friend. He arrived at the Anchorage Jail at about 9:20 p.m.

## II.    THE CURRENT RECORD DOES NOT SUPPORT VOLUNTARY WAIVER.

A valid waiver of Miranda rights must be knowing and intelligent. "A heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 475 (1966). Some of the factors which may cut against a waiver here are the length of time in custody before Miranda warnings, intervening coercion, intoxication, drug use, fear and physical problems. See, Moran v. Burbine, 475 U.S. 412, 421 (1986) (waiver must have been made with full awareness of right and consequences of abandoning it); United States v. Montoya-Arrubla, 749 F.2d 700 (11th Cir. 1985) (intoxication can negate valid waiver); Sample v. Eyman, 469 F.2d 819, 821 (9th Cir. 1972) (stress can negate valid waiver); United States v. Garibay, 143 F.3d 534, 537-38 (9th Cir. 1998) (low mental capacity can impact validity of Miranda waiver).

Here there is no record of the treatment Mr. Patterson received from law enforcement during the more than four (4) hours in custody before he received Miranda

warnings. Did he receive food or water? Was he kept restrained without a chance to use the restroom? Was he told about the fruits or the search or the result of the show-up? Where was he in custody? What was his mental state? Was he under the influence of drugs, alcohol or stress? Without evidence of the physical and mental situation of Mr. Patterson, particularly in light of such a long period of custody before Miranda rights were read, the court cannot ascertain whether Mr. Patterson knowingly and voluntarily waived these important rights.

### III.    STATEMENT AS FRUIT OF AN UNLAWFUL SEARCH

A defendant's statement which is the fruit of an unlawful search must be suppressed. Wong Sun v. United States, 371 U.S. 471, 487 (1963); Brown V. Illinois, 422 U.S. 590, 601 (1975). If the police officers entered the residence without a warrant and seized items used to confront Mr. Patterson, his later statements may well be fruit of the poisonous tree. See, United States v. Ricardo D., 912 F.2d 337, 342 (9th Cir. 1990). The court must ascertain the complete circumstances which led to the alleged Miranda waiver to determine whether or not the waiver is valid.

### IV.    CONCLUSION

The defense respectfully requests a hearing at which the government has the burden to demonstrate, by evidence, a knowing and intelligent Miranda waiver.

DATED this 6th day of February 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:	907-646-3400
Fax:	907-646-3480
E-Mail:	sue_ellen_tatter@fd.org