Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>Defendant. | NO. A06-0010 CR (JWS)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS ITEMS FROM RESIDENCE** |

**I.    FACTUAL SUMMARY**

On January 11, 2006, following a bank robbery at Credit Union One at approximately 3:20 p.m, the government traced a live electronic tracking device (ETD) to 727 "O" Street.  The home was the residence of Mr. John Mikel, where Joshua Patterson currently resided.  During a warrantless search of the home, police found evidence of the crime including the money, clothing, a revolver, and the ETD.  It appears that Mr. Mikel was not present during the search that yielded the crucial evidence.

## II.   REASONABLE EXPECTATION OF PRIVACY

According to prevailing case law, a person in Mr. Patterson's position as an "overnight guest" has a reasonable expectation of privacy in his residence.  Justice White stated in <u>Minnesota v. Olson</u>, 495 U.S. 91, 99 (1990), ". . .we think that society recognizes that a houseguest has a legitimate expectancy of privacy in his host's home. . . From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed."

Joshua Patterson was an overnight guest or tenant with a reasonable expectation of privacy.  Criteria for an overnight guest include:  the visitor has some property rights in the dwelling; the visitor maintains a regular or continual presence in the dwelling, especially sleeping there regularly; the visitor contributes to the upkeep of the dwelling, either with money or services; the visitor stores his clothes or other possessions in the dwelling; and the visitor is allowed to remain in the dwelling when the owner is absent.  <u>Olson</u>, 495 U.S. at 96.

Mr. Patterson rented a downstairs bedroom for $65.00 per night (according to memorandum letter of Assistant U.S. Attorney Joe Bottini).  This payment entitled him access to the bedroom and to the dwelling where he not only resided, but also kept his possessions.  Mr. Patterson's use of the room, his payment, his occupation of the downstairs bedroom, storage of possessions and permission of the owner to reside on the premises all qualify Mr. Patterson as an overnight guest or tenant.  Thus he possessed a reasonable expectation of privacy which was violated by the warrantless search.

### III. BURDEN ON THE GOVERNMENT

Warrantless searches are presumptively illegal. <u>Katz v. United States</u>, 389 U.S. 347 (1967). Once it is established that a warrantless search has occurred, the burden is on the government to establish that the conduct of government agents fits within one of the recognized exceptions to the warrant requirement. <u>United States v. Whitten</u>, 706 F.2d 1000, 1016 (9th Cir. 1983).

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." United States Constitution, Amendment IV. "The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction." <u>Skinner v. Railway Labor Executives' Ass'n</u>, 489 U.S. 602, 612 (1989). The Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable. <u>United States v. Sharpe</u>, 470 U.S. 675, 682 (1985). "Except in certain well-defined circumstances, a search or seizure in such a case is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause." <u>Skinner</u>, 489 U.S. at 619, 620.

A. <u>Consent</u>

The government may contend that consent excuses the warrant requirement. If so, the government must prove that Mr. Mikel had the authority to waive Mr. Patterson's reasonable expectation of privacy and give consent to a search of Mr. Patterson's possessions, who was residing in the home as an "overnight guest." The defense currently

<u>United States v. Joshua Michael Patterson</u>
Case No. A06-0010 CR (JWS)                                                                                  Page 3

has no documents or information to describe; when, where and for what areas Mr. Mikel "consented."

    B.    <u>Exigent Circumstances</u>

The government may try to assert that the warrant exception here is "exigent circumstances." If the government seeks to justify a warrantless search under this, it holds the burden to prove that there was probable cause to search the residence, and there were exigent circumstances which place the officers on the scene in an unsafe situation if a warrant were obtained.

The following three requirements must be satisfied in order to justify a warrantless search under the emergency doctrine:

1. The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

2. The search must not be primarily motivated by intent to arrest and seize evidence.

3. There must be some reasonable basis, approximating **probable cause**, to associate the emergency with the area or place to be searched.

<u>United States v. Stafford</u>, 416 F.3d 1068, 1073-1074 (9th Cir. 2005).

## IV.    CONCLUSION

Mr. Patterson as an "overnight guest" in the residence of Mr. Mikel possessed rights to privacy in the home. The government holds the burden to prove an exception to the search without a warrant. The government must also prove that a preponderance of the evidence supports the exception.

      DATED this 6th day of February 2006.

                  Respectfully submitted,

                  s/Sue Ellen Tatter
                  Assistant Federal Defender
                  550 West 7th Avenue, Suite 1600
                  Anchorage, AK 99501
                  Phone:    907-646-3400
                  Fax:      907-646-3480
                  E-Mail:   sue_ellen_tatter@fd.org

Assistance on Memorandum:
Roberta Gordaoff