Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>Defendant. | Case No. 3:06-cr-0010-JWS<br><br>**OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTIONS TO SUPPRESS** |

The defendant, JOSHUA MICHAEL PATTERSON, through counsel, objects as follows to the report and recommendation of the magistrate judge filed April 3, 2006.

**I.    FINDINGS OF FACT**

The findings of facts relating to the warrantless entry of the home on "O" Street (pp. 3-4 of the decision) omit several facts.  The suspects, who exited the home at gunpoint, were the same two males whom Officer Kevin Ehm saw enter the home moments earlier, and Officer Ehm recognized them as such.  (Tr. p. 76)  The police had no reason to believe that anyone else was in the home, and no one else was there.

(Tr. pp. 78-80)  There were more than five (5) officers stationed around the home with pistols and rifles drawn.  (Tr. p. 76) Officers' main purpose in entering the home was to de-activate a battery device located in the money, which permitted police to track the money with the Pronet System  (Tr. pp. 71-72)

The facts relating to the "show-up," on pages 6-7 of the decision, omit the preparation of the witness Mr. Gurley by the federal agents.  FBI Agent Payne stated on pages 105-106 of the hearing transcript that he told Mr. Gurley, before leaving the credit union for the scene, that a man had been apprehended who had the same general description of the robber.  The reason for this conversation was that going to the scene was "voluntary" and the FBI agents wanted to encourage Mr. Gurley to accompany them. (Tr. p. 105-06)

## II.    CONCLUSIONS OF LAW

### A.    In-Court Identification

The case of Stovall v. Denno, 388 U.S. 293 (1967), involved a witness injured and in the hospital.  There is an emergency which justifies bringing the suspect to the hospital for a "show-up."  Here there was no such exigency and, in fact, the witness was taken several miles to the scene.  He could just as easily been taken to the FBI headquarters nearby the arrest scene for a photo or live line-up.

The court does not appear to determine whether the "show-up" was "impermissibly suggestive," although the court concedes it was "suggestive."  It is the

defense contention that the "show-up" was "impermissibly suggestive" because there was no exigency and there were other means to procure more reliable identification testimony.

The court does not have the data to determine that Mr. Gurley's identification is reliable. While Exhibit 4 shows that Mr. Gurley did see the robber at close range, there was no testimony about his degree of certainty when he made the identification. The FBI witnesses did not know the length of time the witness was exposed to the robber, nor did they ascertain the level of stress which the witness faced during the robbery. Therefore, the "totality of the circumstances" cannot support admission of this identification testimony.

B.  <u>Warrantless Entry of the Residence</u>

There was no objective belief that there were persons inside the residence. Cf., Maryland v. Buie, 494 U.S. 325, 337 (1990). There were no "articulable facts" suggesting the presence of danger. There was only the supposition that there "could" be other persons inside.

There was no emergency since the only two suspects had been removed from the residence. The residence was surrounded by armed police. The state court system with a magistrate was only a few blocks away. This was not an emergency "protective sweep" where public safety required an immediate, warrantless entry of a private home.

This really was a warrantless search for evidence in the form of the ETD transmitter. Although the police wanted their "evidence" back, they should have obtained a warrant. The speculation that there might be (a) another bank robbery (b) with bait

money (c) in a nearby location (d) served by the same satellite (e) in the near future is too contingent to justify the evidentiary search.

### III.   CONCLUSIONS

The defense requests that the court reconsider the facts and the law and grant the motion to suppress in-court identification and the motion to suppress evidence from the warrantless entry of the home.

DATED this 12th day of April, 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:     907-646-3400
Fax:         907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:

I certify that on April 12, 2006,
a copy of this document was
served electronically on:

Joseph W. Bottini
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter