Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 W. Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>  Defendant. | Case No. 3:06-cr-0010-JWS<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SEVER COUNTS OF INDICTMENT** |

## I.    FACTUAL BACKGROUND

### A.    Bank Robberies

The grand jury charged Joshua Patterson in a ten-count superceding indictment.  The indictment alleges three separate bank robberies against Mr. Patterson. It alleges violations of 18 U.S.C. § 2113, bank robbery, and 18 U.S.C. § 924(c), use of a firearm during a crime of violence for three incidents:

    1.    Denali Alaskan Federal Credit Union, December 13, 2005

    2.    Wells Fargo Bank, December 21, 2005

        3.      Credit Union One, January 11, 2006

These bank robberies involve transactional witnesses such as tellers and customers and also camera surveillance. The Credit Union One robbery also involves numerous police witnesses and physical evidence because police arrested Mr. Patterson soon after this last robbery.

    B.    <u>Stolen Guns</u>

The superceding indictment also includes other incidents and charges. The indictment charges Mr. Patterson with stealing two different guns, a rifle and a pistol, between the dates of November 26, 2005, and January 11, 2006. The charges are based on 18 U.S.C. § 922(j). These charges may involve witnesses such as the gun owners, pawn shop employees, records of the pawn shop and police witnesses to describe collection of physical evidence.

    C.    <u>Felon in Possession</u>

Further, the superceding indictment includes two charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). These charges are based on evidence including firearms and a criminal conviction from California for felony weapons misconduct. This charge necessitates the presentation of documentary evidence about a past felony, in addition to physical and testimonial evidence.

## II.    SUMMARY OF ARGUMENT

The court should first consider the potential for jury confusion and a lengthy trial in a single case involving so many different charges, concepts, facts and

law.  Evidence admissible in one charge may be inadmissible in another.  For example, the felony convictions would not be admissible for any other purpose but the felon-in-possession charges.  In a joint trial, there certainly will be problems formulating intelligible jury instructions, particularly limiting instructions.  And, significantly, there will be spillover prejudice from the counts involving violence which will prejudice the jury on the non-violent charges.

The felon-in-possession charges must be severed from the rest of the case, because the felony conviction would be inadmissible and unduly prejudicial in the other charges.  In addition, the stolen gun charges concern different activity, different incidents and different witnesses from the rest of the case.  The trial of this case would be short and clear.  Severing it from the other cases would remove the prejudice of violent charges from a theft case.

Further, the defense believes that the Denali Alaskan Federal Credit Union robbery on December 13, 2005, should be severed from the other two bank robberies. (The defense does believe that each § 924(c) charge should accompany the robbery of the same date.)  The descriptions of the bank robber in the last two robberies are similar.  These descriptions are clearer than the description of the first bank robbery at Denali Alaskan Federal Credit Union, where the pictures are not clear and the robber's face is obscured.  However, the film shows the Denali robber waving a gun at another teller.  It also shows a frightened customer with her hands in the air, apparently alternately crouching and running.  The prejudice from this incident, where the

3

identification of the robber is unclear, should not taint determination of the other two robberies.

### III.     JOINDER OF OFFENSES

   A.     Is Initial Joinder Proper?

The court's first task is to decide if the government properly joined all ten charges, occurring on many different days, in one indictment. Rule 8(a) of the Federal Rules of Criminal Procedure determines the propriety of the initial joinder of offenses charged to one defendant. That rule provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The three bank robberies, two thefts and two felon-in-possession charges are clearly not **"the same"** act or transaction. Nor are they clearly linked by a **"common scheme or plan"** since there is wide time disparity. The thefts, robberies and possession by a felon are clearly not charges of **"the same or similar character,"** as required by the rule.

The Ninth Circuit case of <u>United States v. Armstrong</u>, 621 F.2d 951 (9th Cir. 1980) suggests that the court must look beyond the name of the crime to the individual identifying facts. In that case, the court held joinder of bank robberies proper where two of the robberies had been committed on the same day, and were part of the same "series of transactions." In this case, there is wide separation in descriptions of conduct,

type of evidence and witnesses. This disparity indicates that the actual incidents are not the "same or similar conduct." See also, United States v. Terry, 911 F.2d 272, 276-277 (9th Cir. 1990) where the court found that allegations of both drug crimes and felon-in-possession were misjoined, justifying reversal on appeal.

One of the indicators of misjoinder here is the difference in the nature of the charges. There are two theft cases, two status cases and three robberies with firearms. Some of these charges are complex, with many witnesses and much physical evidence. Others, such as the firearms theft and the felon-in-possession charges, are simple. Also, there is a difference in the quantum of proof.

B.     Should the Counts be Severed?

Even if initial joinder is proper, the court should sever the counts where great prejudice is likely to result from a joint trial of counts against a single defendant. See generally, United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir. 1989).

Rule 14(a) permits relief from prejudicial joinder. It states:

> If the joinder of offenses or defendants in any indictment...appears to prejudice a defendant or the government, the court may order separate trials of counts...or provide any other relief that justice requires.

The Ninth Circuit has recognized that a "disparity in the amount of evidence" may sometimes be a basis for severance. United States v. Douglass, 780 F.2d 1472, 1479 (9th Cir. 1986) (involving joined defendants rather than joined counts). See also, United States v. Donaway, 447 F.2d 940 (9th Cir. 1971) (district court abused

its discretion in not severing defendants where the bulk of evidence at trial did not relate to one defendant.)

          1.      <u>Severance of Felon-In-Possession Charges</u>

Joint trial of the felon-in-possession count with the balance of the charges in the indictment "creates a very dangerous situation because [Mr. Patterson's] jury might improperly consider evidence of the prior conviction when deliberating about the [bank robberies and the § 924(c) charge], i.e., convict [Mr. Patterson] because he is a 'bad guy' or convict because 'he committed a crime before and probably did this one too.'" <u>United States v. Nguyen</u>, 88 F.3d 812, 815 (9th Cir. 1996).

Given the nature of this case, a cautionary instruction is unlikely to cure the improper propensity impact the California conviction will have on the jury's evaluation of the bank robbery, theft and § 924(c) counts. Courts are properly skeptical of the curative effect of cautionary instructions in this context. <u>Id</u>. at 817.

> To tell the jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capabilities.
>
> \* \* \* \* \* \* \*
>
> It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to compartmentalize damaging evidence against separate defendants joined for trial. Studies have shown that joinder of counts tends to prejudice jurors' perceptions of the defendant and of the strength of the evidence on both sides of the case.

United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986), as amended by 798 F.2d 1250 (9th Cir. 1986), cert. denied, 489 U.S. 1032 (1989) (citations and quotations marks omitted).

Joinder of a felon-in-possession charge with other charges have plagued courts for years. Compare United States v. Lewis, supra, (felon in possession count improperly joined with homicide charge) with United States v. VonWillie, 59 F.3d 922 (9th Cir. 1995) (joinder permissible in § 924(c) case where evidence against defendant on all joined counts overwhelming). Although courts have rejected a per se severance rule when a felon-in-possession count is joined with other counts, severance/bifurcation remains the preferred remedy for protecting a defendant from unfair prejudice. The court in United States v. Nguyen, 88 F.3d at 815, highlighted that concern in the following terms:

> This opinion is published to alert trial judges and prosecutors that the practice of consolidating "felon-in-possession charges" without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits.

Severance or bifurcation is the preferred remedy. Id. at 818. In assessing whether a conviction should be reversed because of unfair prejudice in this context, the appellate court looks to "the strength of the evidence against the defendant and the nature and the efficacy of the methods employed to guard against prejudice." Id. at 817.

In the present case, Mr. Patterson's jury will be asked to determine if he is the bank robber in each of three separate robberies and if he brandished a firearm

in each robbery. These are extremely serious charges carrying a mandatory minimum sentence of fifty-seven (57) years for the "brandishing" alone. The prejudicial impact of informing the jury of Mr. Patterson's felony for weapons misconduct is immediately evident. This conviction would be inadmissible at a trial involving only the alleged bank robberies and the alleged brandishing.

Certainly, the government is free to claim that its evidence on all counts is strong and assert that this court should permit the joinder despite the warnings in Nguyen. However, strength, like beauty, is in the eyes of the beholder, and strength, like beauty, may only be skin deep. The sensible course in this instance is to sever the felon-in-possession counts prior to trial and not risk discovering the full extent of the prejudice after several days of court time have been wasted. An order severing Counts 9 and 10 from the indictment absolutely eliminates the risk of unfair prejudice to Mr. Patterson and provides the fairest alternative in the present case. Bifurcating and separately adducing proof on the prior conviction element, on the interstate nexus element, and on the possession element alleged in Counts 9 and 10, if proper procedures are employed, could reduce the risk of unfair prejudice.

    2.    Severance of the Theft Charges

Counts 7 and 8 charge possession/concealment/barter of two stolen firearms. The time period alleged is "Between on or about November 26, 2005, and on or about January 7, 2006." These are simple and relatively bland offenses in the context of this indictment. There is almost no overlap of witnesses, since the theft charges involve a gun owner, a pawnshop employee, pawnshop records and a single

police officer. The California felony conviction and the facts of the robberies would not be admissible on the stolen firearm charges. Thus the court must give limiting instructions which would be almost impossible to follow in the context of this case.

In this case, where there are bank robberies with firearms, one leading quickly to the arrest of the defendant near the bait money, there will be great prejudice to the defendant when these charges are joined with simple theft counts. The evidence of the felony conviction for two of the gun charges will severely prejudice all other determinations. The defendant will be convicted either by spillover prejudice or by the jurors' application of illegal "propensity" evidence. The great human temptation will be to consider Mr. Patterson guilty of theft and firearms violations because of the prejudicial, stronger evidence in the last two bank robberies.

The stolen firearms counts should be severed to avoid overwhelming prejudice. In addition, a quick, clean half-day trial on two simple theft counts will result in more efficiency and remove confusion and difficult instructions from the robbery jury.

C. Severance of Denali Robbery From Others

This court should also sever the Denali Alaskan Federal Credit Union robbery on December 13, 2005, where the evidence is less strong but highly prejudicial, from the other two, later robberies. The Denali robbery involves frightening conduct by someone who may be another, uncharged suspect. There is a danger that the prejudicial, inflammatory conduct of the Denali robber will spill over into the later two robberies, and that the stronger identification evidence in the Wells Fargo and Credit Union One incidents will assure an unjust conviction for the Denali incident. The Ninth

Circuit in Terry, supra, 911 F.2d at 277, considered whether certain proof would have an "inflammatory" effect:

> Terry argues that he was prejudiced because his association with drugs would necessarily be highly inflammatory in the minds of jurors. We agree. A juror would inevitably be more disturbed about the idea of a "drug dealer" with a gun than a citizen who previously had committed some unknown crime. It is highly probable that this inculpatory characterization of Terry as a drug dealer influenced the jury in determining its verdict.

No defendant should be convicted solely on the basis of "propensity" evidence. It is just because the human tendency to find "propensity" is so strong that Evidence Rule 404 forbids it. And such strong "propensity" beliefs, held by reasonable and typical jurors, are unlikely to be swayed by the court's limiting instructions.

### III.   CONCLUSION

The court should, under the authority of Nguyen, sever the firearms counts. The court should also sever the theft counts because the robbery and firearm evidence will create undue prejudice in a simple, non-violent theft case. Finally, the court should sever the Denali bank robbery, where the identification is poor but the conduct prejudicial, from the later Wells Fargo and Credit Union One robberies.

In this case, because of the wide disparity in evidence, the convenience of a joint trial is outweighed by the extreme danger of prejudice. To assure conviction on proof, rather than propensity, speculation or spillover prejudice, the court should exercise its discretion to sever the thefts and the robberies.

The defense also requests an evidentiary hearing in which the defense may call the government's witnesses to demonstrate the lack of similarities between the incidents and the difference in quantum of proof between the first robbery and the later two charges.

DATED this 17th day of April 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West 5th Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:        907-646-3480
E-Mail:    sue_ellen_tatter@fd.org

Certification:
I certify that on April 17, 2006,
a copy of the *Motion to Sever Counts and for an Evidentiary Hearing* and the *Memorandum in Support of Motion to Sever Counts of Indictment* was served electronically on:

Joseph W. Bottini
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter