Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>Defendant. | NO. 3:06-cr-0010-JWS<br><br>**MEMORANDUM IN SUPPORT OF SECOND MOTION TO EXCLUDE IN-COURT IDENTIFICATIONS** |

**I.      FACTUAL STATEMENT**

On March 28, 2006, the court held an arraignment at which Joshua Patterson appeared in court, in a red prison suit, chained at the ankles and waist.  The purpose of this proceeding was for Mr. Patterson to answer to the government's first superceding indictment.  The original indictment charged a single armed bank robbery of the Credit Union One on January 11, 2006.  The prosecution presented additional evidence to the grand jury and obtained a superceding indictment charging armed bank robbery of Denali Alaskan Federal Credit Union on December 13, 2005, and Wells Fargo on December 21, 2005.

On March 28, 2006, at the second arraignment, the courtroom was somewhat crowded with spectators. The defense does not know the identity of the spectators. They may have been bank employees or relatives of tellers. They may have been awaiting a totally different proceeding in the courtroom. But, in the event they were victim witnesses for the second and third robberies, the arraignment would constitute an unduly suggestive "show-up" which would certainly taint future in-court identification by the tellers.

## II.  LEGAL AUTHORITY

The defense previously moved, unsuccessfully, to suppress a "show-up" with a witness from the Credit Union One who was brought to the scene of Mr. Patterson's arrest. The defense incorporates all the legal authorities from that motion. Where there is a challenge to identification procedures, the court must make a three-part determination to prevent a violation of due process:

1.  What were the identification procedures used here?

2.  Were the procedures impermissibly suggestive?

3.  Do the identification procedures affect the reliability of in-court identification?

Stovall v. Denno, 388 U.S. 293 (1967), Neil v. Biggers, 409 U.S. 188 (1972) and Manson v. Brathwaite, 432 U.S. 98 (1977). If there were bank witnesses present in the courtroom during the arraignment, and if they saw the defendant in a red suit and chains, with no other defendants, such a view would be impermissibly suggestive and would taint future in-court identification.

After determination of the three factors required by the Supreme Court

authority, this court, under relevant Ninth Circuit authority, must determine whether the "totality of circumstances" give rise to a substantial likelihood of misidentification. United States v. Kessler, 692 F.2d 584, 585 (9th Cir. 1982). The witness' level of certainty at the "show-up" is weighed against the corrupting effect of suggestive identification. Manson v. Brathwaite, 432 U.S. at 114.

Here the identification procedure was unnecessary, since the defendant was already in custody. There was no need for transactional witnesses to attend an arraignment. The "show-up" would have been even more suggestive than the view of Mr. Patterson in the patrol car at the time of arrest. Not only was he the only suspect presented in court, but he was wearing a red suit and chains, guarded by numerous marshals and sitting in the defendant's seat. Thus this case presents a stronger case for exclusion than the first defense motion.

### III.    CONCLUSION

There would be a due process violation if any of the tellers, customers or other transactional witnesses from Wells Fargo or Denali Alaskan Federal Credit Union were in the courtroom March 28, 2006. The court should hold an evidentiary hearing to determine the constitutionality and reliability of possible future in-court identification by these witnesses.

However, the defense does not believe an evidentiary hearing is required if the government files an affidavit indicating none of the victim tellers were in the courtroom during the superceding indictment.

DATED this 17th day of April 2006.

        Respectfully submitted,

        s/Sue Ellen Tatter
        Assistant Federal Defender
        550 West 7th Avenue, Suite 1600
        Anchorage, AK 99501
        Phone:    907-646-3400
        Fax:      907-646-3480
        E-Mail:   sue_ellen_tatter@fd.org