DEBORAH M. SMITH
Acting United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                   )<br>            Plaintiff,             )<br>                                   )<br>     vs.                           )<br>                                   )<br> JOSHUA MICHAEL PATTERSON,          )<br>                                   )<br>            Defendant.             )<br>_____) | No. 3:06-cr-010-JWS<br><br>**<u>GOVERNMENT'S RESPONSE<br>TO DEFENDANT<br>PATTERSON'S OBJECTIONS<br>TO REPORT AND<br>RECOMMENDATION<br>REGARDING MOTIONS TO<br>SUPPRESS</u>** |

COMES NOW the United States of America, by and through counsel, and

responds to defendant Patterson's objections to the Report and Recommendation

regarding the defendant's (1) motion to suppress evidence, and (2) motion to suppress in court identification.[1]

### A. Motion to Suppress Evidence

The Report and Recommendation correctly concluded that the APD officer's had ample justification to make entry into the residence to do a protective sweep. The testimony introduced at the evidentiary hearing clearly established that the officers were responding to an armed bank robbery call and that they had tracked the Electronic Transmitting Device (ETD) signal to a house located at 727 O Street. Officer Ehm actually saw Patterson and another individual enter the residence and noted that Patterson was carrying a green backpack. While Patterson and the other person (a juvenile) ultimately came out of the house at the instruction of APD officers, the officers quickly established that neither of them had the backpack or a firearm, making it likely that a gun (as well as the ETD which was still transmitting a signal) was still be in the house. Under these facts, it was entirely reasonable for the officers to make entry into the house in order to conduct a protective sweep for their own protection.[2]

---

[1] Patterson has not submitted any objections to the recommendation that his motion to suppress statements be denied.

[2] As the Ninth Circuit held in United States v. Hoyos, 892 F.2d 1387, 1397 (9th Cir. 1989) (overruled on other grounds) (citations omitted):

The court also correctly concluded that at that while the officers had ample probable cause to obtain a search warrant at the time they encountered Patterson at the O Street residence, their actions in rendering the firearm safe and in turning off the ETD transmitter during the protective sweep were reasonable in light of the exigent circumstances present, specifically, the need to protect themselves and the public from danger. See, United States v. McConney, 728 F.2d 1195 (9th Cir.1984) (en banc).[3]

Finally, Patterson has not objected to that part of the Report and Recommendation which concludes that the agents and officers obtained valid consent to search the residence from John Mikel - the individual who had both actual and apparent legal authority to consent to the search of the house.

---

> We "'must be careful not to use hindsight in limiting the ability of police officers to protect themselves as they carry out missions which routinely incorporate danger.'"

[3] At least one court has concluded that a warrantless entry by a police officer into a vehicle after a bank robbery in order to terminate a signal transmitted from an ETD was a legitimate factor in an "exigent circumstances" analysis. See, United States v. Reed, 26 F.3d 523, 529-30 (5th Cir. 1994).

B. **Motion to Suppress In Court Identification**

Patterson has also objected to the court's conclusion that the "show up" procedure utilized after he was detained was not impermissibly suggestive. As the court correctly found, the witness who identified Patterson had an opportunity to get a close look at him during the robbery. From the photograph admitted as Exhibit 4 the evidentiary hearing, it is clear that Patterson passed right in front of the customer, within a few feet. The witness was close enough to see the robber's eyebrows and thus distinguish the color of his hair.

The fact that the agents told the customer that someone matching the general description of the robber had been detained did not taint the subsequent "show up". The agents simply told the witness that in order to explain why they wanted him to accompany them to the O Street location where Patterson had been detained. The customer quickly identified Patterson as the robber ("that's him") but noted that Patterson was now wearing different clothes. He did not equivocate at all in his identification.

The court correctly concluded that under the totality of the circumstances presented here, the "show up" procedure was not so impermissibly suggestive as

to create a very substantial likelihood of misidentification.

RESPECTFULLY SUBMITTED this   18th   day of April, 2006, at

Anchorage, Alaska.

                                          DEBORAH M. SMITH
                                          Acting United States Attorney

                                          _s/ Joseph W. Bottini_____
                                          Assistant U.S. Attorney
                                          Federal Building & U.S. Courthouse
                                          222 West Seventh Avenue, Rm 253
                                          Anchorage, Alaska  99513-7567
                                          Phone: (907) 271-5071
                                          Fax: (907) 271-1500
                                          Email: joe.bottini@usdoj.gov

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a true and correct copy of the foregoing was sent electronically to Sue Ellen Tatter on April 18, 2006.

_s/ Joseph W. Bottini_____