IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>JOSHUA MICHAEL PATTERSON, )<br>)<br>Defendant. )<br>_____ ) | Case No. **3:06-cr-00010-JWS-JDR**<br><br>**FINAL RECOMMENDATION<br>REGARDING MOTIONS<br>TO SUPPRESS and EXCLUDE**<br><br>(Document Nos. 14, 16 &18) |

      Defendant Joshua Patterson has timely filed objections to the report and recommendation addressing his motion to exclude in-court identification, docket entry 14, motion to suppress statements, docket entry 16, and motion to suppress items from residence, docket entry 20. *See*, objections at docket entry 40. The government filed a response to the objections. Docket entry 45. Upon due consideration, the magistrate judge declines to alter the recommendation that the motions be denied. However, a few brief comments are in order to address the objections.

The objections complain that the recommendation omits certain facts. The only material fact suggested which is not in the recommendation is SA Payne's statement that he told Mr. Gurley before leaving the credit union for the show-up that a man had been apprehended who had the same general description as the robber. As the objections note, this conversation was to explain to Mr. Gurley why they were asking him voluntarily to accompany them for a show-up. Describing the suspect as having the "same general description" as the robber could not have unduly influenced Mr. Gurley considering the totality of the circumstances.

The objections state that the recommendation does not determine whether the show-up was impermissibly suggestive. There are several pages devoted to a discussion of this matter in the recommendation, and on page 11 the recommendation states: "Although the show-up was suggestive, I find that it was not impermissibly suggestive."

The objections complain that the record lacks sufficient evidence addressing the degree of certainty Mr. Gurley had when he made his identification at the show-up. The objections also argue that the "totality of the circumstances" cannot support an admission of the identification testimony because the record does not contain evidence regarding the length of time Mr. Gurley observed the robber at the credit union, nor ascertained his level of stress while in the presence of the robber. To the contrary, the totality of circumstances include the video tape of the robber and surveillance photographs, as well as interview statements of Mr. Gurley by Agent Payne. The question at hand is admissibility of

testimony, not whether Mr. Gurley has accurately identified the robber. The latter issue is one for the fact finder at trial.

The objections discuss the lack of an emergency for the protective sweep of the residence conducted by police. It begs the question to state that there was no emergency, or that no one else was found inside the residence. The protective sweep was lawful.

Wherefore the defendant's motions lack merit and should be denied as recommended. The motions are now referred to the assigned trial judge for his determination.

DATED this 18th day of April, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge