DEBORAH M. SMITH
Acting United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No.3:06-cr-010-JWS |
| | ) |
| Plaintiff, | ) **GOVERNMENT'S** |
| | ) **OPPOSITION TO** |
| vs. | ) **DEFENDANT PATTERSON'S** |
| | ) **MOTION TO SEVER** |
| JOSHUA MICHAEL PATTERSON, | ) **COUNTS OF INDICTMENT** |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes defendant Patterson's motion, filed pursuant to Fed. R. Crim. P. 14, to sever various counts of the indictment against him.

## I.   INTRODUCTION

The grand jury returned a superseding Indictment against Patterson in

March, 2006, charging him offenses relating to three separate armed robberies of financial institutions. Specifically, Patterson has been charged with committing the armed robbery of the following financial institutions in Anchorage - all of which occurred within a matter of 30 days - in violation of 18 U.S.C. §2113(a) and (d):

1) Denali Alaskan Federal Credit Union on December 13, 2005 [Count 1];

2) Wells Fargo Bank on December 21, 2005 [Count 3]; and

3) Credit Union 1 on January 11, 2006 [Count 5].

In relation to each of these armed robbery charges, Patterson is also charged with a corresponding charge of brandishing a firearm during a federal crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(I) and (ii). [Counts 2, 4, and 6].

In addition, Patterson is accused of Possession of Stolen Firearms (including the weapon used to rob the financial institutions) in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) [Counts 7 and 8], and Felon in Possession of Firearms (which includes the weapon used to rob the financial institutions) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Counts 9 and 10].

Patterson seeks severance of a number of these counts, suggesting that they were either improperly joined to begin with, or that he will be prejudiced by a joint trial of all counts.

## II. ARGUMENT

### A. The Offenses Charged are Properly Joined in the Indictment

The standard for determining whether two or more offenses should be tried together is set out in Federal Rule of Criminal Procedure 8(a) which provides that:

> "Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, *are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan*."

[emphasis added].

In making an assessment of whether joinder is proper, the court examines only the allegations in the indictment. See, United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995). The goal of this rule is to maximize trial convenience and efficiency with a minimum of prejudice. United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999). Thus, the courts construe Fed. R. Crim. P. 8 as to be liberally applied in favor of joinder. Sarkisian at 975.

#### 1. The Charges in the Indictment Clearly Relate to the Same Series of Acts or Transactions

Fed. R. Crim. P. 8 provides that joinder is appropriate when the offenses are part of the same act or transaction or in the same series of acts or transactions

constituting the offense or offenses.  The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions.  Sarkisian, at 975-6.  A "series of transactions" can be logically related either by "by the existence of a common plan, scheme, or conspiracy" or by a showing that the evidence of the common activity constitutes a substantial portion of proof of the joined charges  United States v. Vasquez-Velasco, 15 F.3d 833, 843-44 (9th Cir. 1994).

Here, each of the charges relate to Patterson's unlawful possession and use of firearms in connection with his "spree" of bank robberies in Anchorage - all of which occurred within a thirty (30) day period of time.  Each of the bank robberies was committed by Patterson brandishing a handgun during the robbery.  The firearm used by Patterson to rob the financial institutions (a .44 magnum Smith and Wesson revolver) is alleged to be a stolen gun [Count 8], with Patterson alleged to have known - or have reason to know - that it was stolen.[1]  Finally, Patterson is alleged to have been a convicted felon at the time he committed the armed

---

[1] In addition, Patterson is charged with possessing another stolen firearm - a Ruger 338 Win Mag rifle - during this same time frame.  The evidence in fact will show that Patterson stole both firearms from the same individual around late November, 2005.  Patterson pawned the rifle at a local pawn shop on January 7, 2006, using his true name and identification.  The .44 magnum revolver was the weapon recovered after Patterson was arrested at 727 O Street in Anchorage on January 11, 2006, following the Credit Union 1 robbery.

robberies and possessed the stolen firearms.[2]

Clearly, each count of the indictment - which relates in some manner to Patterson's unlawful possession and / or use of firearms - is properly joined with the others. The offenses are similar in nature and clearly consist of the same series of acts or transactions. Accordingly, they are clearly properly joined.

    **B.**    **Severance of Counts is not Required. At Most, the Felon in Possession Charges Should be Bifurcated.**

With joinder obviously appropriate, the question becomes whether Patterson would be unduly prejudiced by a joint trial on all counts. Fed. R. Crim. P. 14 provides that offenses joined pursuant to Fed. R. Crim. 8 may be severed from one another where it appears that a defendant or the government will suffer prejudice by the joinder of charges.[3] The prejudice must be clear, manifest, or undue.

---

[2] The evidence that Patterson, a convicted felon, "possessed" the stolen firearms will relate in large part to his use of the revolver during the bank robberies.

[3] The relevant aspect of Rule14 states:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988).  It must involve prejudice of a nature and significance sufficient to violate one of the defendant's substantive rights, such as the opportunity to present his own defense or to deny the defendant a fair trial.  United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991).

A defendant suffers clear, manifest, or undue prejudice when the prejudice "outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States v. Kinslow, 860 F.2d 963, 966-967 (9th Cir. 1988).  See also, United States v. Matta-Ballesteros, 71 F.3d 754, 771 (9th Cir.1995).  "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence" as to each count (internal quotation marks omitted).

The defendant must persuade the Court that severance is necessary to avoid prejudice of this magnitude.  United States v. Irvine, 756 F.2d 708, 712 (9th Cir. 1985).  Unsupported allegations of prejudice fail to justify the severance of properly joined charges.  Williamson v. United States, 310 F.2d 192, 197 (9th Cir. 1962).

Here, Patterson's allegation that there *may* be some disparity in the evidence relating to some charges is exactly the type of unsupported allegation upon which

severance may not be granted.[4]  Similarly, Patterson's contention that the charges are of a different nature is incorrect.  In fact, each charge in the indictment involves Patterson's possession and/or use of a firearm and a series of armed bank robberies - all occurring within roughly a thirty (30) day window of time.

Severance is not the only remedy for potential prejudice contemplated by Rule 14.  The rule expressly allows the Court to fashion "any other relief that justice requires" (Fed. R. Crim. P. 14) and the Supreme Court and the Ninth Circuit have recognized the necessity of allowing district courts to tailor relief for defendants.  See Zafiro v. United States, 506 U.S. 534, 538-539 (1993); United States v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998).

Careful instructions to the jury are sufficient to limit prejudice stemming from the admission of evidence.  Generally, it is assumed that juries follow the instructions given to them by district courts.  Richardson v. Marsh, 481 U.S. 200, 206 (1987); Wade v. Calderon, 29 F.3d 1312, 1320 (9th Cir.1994).

---

[4] In fact, evidence of some of the offenses (Patterson brandishing the firearm during the robberies) would obviously be relevant and admissible relating to the counts charging him with possession of the stolen firearm and possession of the gun as a convicted felon.  Generally, if evidence of one crime is admissible in a prosecution for another crime, the rationale for severance weakens.  See United States v. Irvine, 756 F.2d 708, 712 (9th Cir. 1985); Bayless v. United States, 381 F.2d 67, 72 (9th Cir. 1967).

The Ninth Circuit has repeatedly upheld the decision of district court judges to deny severance, even where some evidence of one crime would be inadmissible in a separate prosecution for the other crime. See, e.g. United States v. Johnson, 820 F.2d 1065, 1070-1071 (9th Cir. 1987) (No abuse of discretion when severance of two bank robbery charges denied).

The issue the Court must consider is whether the jury will be able to "compartmentalize" the evidence related to each count so that the evidence of one crime does not taint the jury's consideration of the other crime. United States v. Douglass, 780 F.2d 1472, 1479 (9th Cir.1986). Given proper limiting instructions on evidence that is not cross-admissible, the jury should be able to consider each charge independently.

### 1. At Most, the Felon in Possession Charges Should be Bifurcated

A district court has wide discretion in ruling on a motion for severance or bifurcation. United States v. Matus-Leva, 311 F.3d 1214, 1217 (9th Cir.2002). A bifurcation order comports with the Ninth Circuit's decision in United States v. Nguyen, 88 F.3d 812 (9th Cir.1996). In Nguyen, the court concluded that the district court had not abused its discretion in allowing a felon in possession count to be tried with other charges in light of the overwhelming evidence of the

defendant's guilt and the limiting instructions given to the jury. Id. at 816. The court noted that "we have consistently relied upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice." Id. at 816-17. The court went on to observe that "severance or bifurcation is the preferred alternative" to protect a defendant from the prejudice that can result from trying a felon in possession charge with other unrelated felony charges. Id. at 818.

Under Nguyen, the district court can properly safeguarded Patterson's right to an impartial jury by bifurcating the felon in possession counts (with the felon in possession charges being tried after them other charges) and giving appropriate limiting instructions. The court can give appropriate limiting instructions, both during voir dire and at the close of the trial. See United States v. Neill, 166 F.3d 943, 947 (9th Cir.1999) (concluding that instructions during voir dire help guard against prejudice).[5]

For the forgoing reasons, the United States submits that Patterson has failed

---

[5] In addition, the government will agree to stipulate to the fact of the conviction, so the jury will hear no evidence concerning the nature of the prior felony. See VonWillie, 59 F.3d at 930.

to meet his heavy burden to satisfy the court that severance is warranted and requests that the court deny the motion to sever. The Felon in Possession charges can be bifurcated and tried after trial by the same jury on the other charges.

RESPECTFULLY SUBMITTED this 24th day of April, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Joseph W. Bottini
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a true and correct copy of the foregoing was sent electronically to Sue Ellen Tatter on April 24, 2006.

s/ Joseph W. Bottini