## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>       vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>            Defendant. | 3-06-cr-00010-JWS-JDR<br><br>**RECOMMENDATION REGARDING SECOND MOTION TO EXCLUDE IN-COURT IDENTIFICATIONS**<br><br>(Docket No.43) |

Joshua Patterson moves the court to exclude any in-court identifications at trial which may be aided by unconstitutional "show-ups" occurring in prior court proceedings. Docket entry 43. The motion is opposed by the government. Docket entry 50. Patterson submitted a reply at Docket entry 51. In response to the request of the court, the government filed an affidavit addressing whether any government agent, officer, or attorney has requested any person known to be a potential witness

to any of the bank robberies charged in the indictment to attend a court proceeding previously held in this case for the purpose of aiding in the identification of the defendant at trial as the bank robber. The government's affidavit states there are no such solicitation was made. Docket No. 54. Upon due consideration of the pleadings and arguments, the magistrate judge recommends that the pretrial motion to suppress be denied.

The defendant states that at the second arraignment on March 28, 2006, there were a number of spectators in the courtroom. The defendant speculates that some of these individuals may have been employees or relatives of bank tellers who would have been able to see the defendant in the courtroom. The defendant relies on a series of three cases, namely: <u>Stovall v. Denno</u>, 388 U.S. 293 (1967); <u>Neil v. Biggers</u>, 409 U.S. 188 (1972); and <u>Manson v. Brathwaite</u>, 432 U.S. 98 (1977). In <u>Stovall</u>, the Court addressed identification evidence which was tainted by exhibiting the accused to the identifying witnesses before trial in the absence of his counsel. The court held that Stovall was not deprived of due process by virtue of the fact that he was brought to the hospital room for the purpose of identification by a stabbing victim who was not physically able to visit the jail in which the defendant was confined.

In <u>Biggers</u>, the court held that even though a station-house show-up may have been suggestive, after a lapse of seven months between the crime and

3-06-cr-00010-JWS-JDR PATTERSON @43 RR Re 2nd Mtn to Exclude In-Court ID.wpd

2

3-06-cr-00010-JWS-JDR       RR @43 Re 2nd Mtn Exclude In-Court Identifications       05/01/2006; Page 2 of 7
Signed by Judge John D. Roberts

the confrontation, there was no substantial likelihood of misidentification under the circumstances of the case. The court cautioned the trial courts to avoid eye testimony evidencing "a very substantial likelihood of irreparable misidentification." 409 U.S. at 198. Under <u>Biggers</u> it is the likelihood of misidentification which violates the defendant's right to due process. The Court reaffirmed its position that the admission of evidence at a show-up, without more, does not violate due process.

<u>Brathwaite</u> teaches that the lynchpin in determining the admissibility of identification testimony for confrontations occurring prior to trial is reliability, and this depends upon the "totality of the circumstances." Reliability in turn depends upon factors such as the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. In <u>Brathwaite</u>, the identification procedure was suggestive, since only one photograph was used. Under the circumstances of that case, the Court did not find a substantial likelihood of irreparable misidentification.

None of these cases suggest that the court must conduct an evidentiary hearing before any identification testimony is admitted at trial although the issue of whether the testimony is tainted by impermissible suggestive identification procedure is one for the court to determine before the evidence is presented to a jury. The

3-06-cr-00010-JWS-JDR PATTERSON @43 RR Re 2nd Mtn to Exclude In-Court ID.wpd

3

RR @43 Re 2nd Mtn Exclude In-Court Identifications
3-06-cr-00010-JWS-JDR   Signed by Judge John D. Roberts   05/01/2006; Page 3 of 7

premise of Patterson's motion is that the identification procedure was unnecessary and any "show-up" was very suggestive. No showing has been made the government conducted such show-up. I cannot agree that a due process violation occurs just because a teller, customer, or other transactional witness from the credit union was present in the courtroom during an arraignment, if indeed that occurred. The Crime Victims' Right Act, 18 U.S.C. § 3771(a) confers a crime victim with the "right not to be excluded from a public court proceeding unless the court determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceedings."

Patterson requests the court to require the government to file an affidavit indicating that none of the victim tellers were in the courtroom during the arraignment. As the government responds, no roll call was taken as to witnesses who may have attended such proceedings. A crime victim has a statutory right to attend public court proceedings. The arraignment was a public proceeding, and Patterson has offered no authority holding that the attendance of an identification witness at a pretrial court proceeding would preclude that witness from offering identification evidence at trial.

Patterson was represented by counsel at the arraignment. He could have asked prior to the commencement of the proceeding that the court inquire about the identity of persons in the gallery to determine if they were potential

3-06-cr-00010-JWS-JDR PATTERSON @43 RR Re 2nd Mtn to Exclude In-Court ID.wpd                                4

RR @43 Re 2nd Mtn Exclude In-Court Identifications
3-06-cr-00010-JWS-JDR                Signed by Judge John D. Roberts                05/01/2006; Page 4 of 7

identification witnesses, bank employees, or relatives of tellers.  No one from the audience was asked to make an identification of the defendant at the arraignment.  No identification issue was addressed at the arraignment, and no one was asked to identify the defendant as the perpetrator of a bank robbery.  Under the circumstances, there has been no "corrupting effect" of suggestive identification.

        The Supreme Court stated in Biggers that "[t]he purpose of a strict rule barring evidence of unnecessarily suggestive confrontations would be to deter the police from using a less reliable procedure where a more reliable one may be available, and would not be based on the assumption that in every instance the admission of evidence of such a confrontation offends due process."  409 U.S. at 199.

        An arraignment must be conducted in open court.  Fed.R.Crim.P. 10.  An identification witness could conceivably be exposed to the same suggestive information through media coverage.  A trial jury is asked to presume that a defendant is innocent until proven guilty.  By the same token, it is not unreasonable to expect that a trial witness would understand that a defendant who is accused of committing a crime is presumed innocent until proven guilty.  Thus, a defendant appearing in court without any evidence of suggestiveness of identification on the part of the government does not give rise to the likelihood of a due process violation to precipitate a pretrial evidentiary hearing.  The magistrate judge declines to

3-06-cr-00010-JWS-JDR PATTERSON @43 RR Re 2nd Mtn to Exclude In-Court ID.wpd

5

RR @43 Re 2nd Mtn Exclude In-Court Identifications
3-06-cr-00010-JWS-JDR    Signed by Judge John D. Roberts   05/01/2006; Page 5 of 7

conduct an evidentiary hearing and recommends that this motion to exclude in-court identifications be denied without prejudice.  The defendant may seek further guidance from the trial judge at the final pretrial conference concerning the timing for any motion *in limine* based on more specificity than has been provided in the instant motion.  IT IS SO RECOMMENDED.

DATED this 1st day of MAY, 2006  at Anchorage, Alaska.


　　　　　　　　　　　　　　　　　　/s/ John D. Roberts
　　　　　　　　　　　　　　　　　JOHN D. ROBERTS
　　　　　　　　　　　　　　　　　United States Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, May 10, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections

3-06-cr-00010-JWS-JDR PATTERSON @43 RR Re 2nd Mtn to Exclude In-Court ID.wpd　　　　　6

RR @43 Re 2nd Mtn Exclude In-Court Identifications
3-06-cr-00010-JWS-JDR　　Signed by Judge John D. Roberts　　05/01/2006; Page 6 of 7

and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON, May, 15, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

3-06-cr-00010-JWS-JDR PATTERSON @43 RR Re 2nd Mtn to Exclude In-Court ID.wpd    7

RR @43 Re 2nd Mtn Exclude In-Court Identifications
3-06-cr-00010-JWS-JDR        Signed by Judge John D. Roberts        05/01/2006; Page 7 of 7