**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br>          vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>                    Defendant. | 3-06-cr-0010 CR (JWS)<br><br>**RECOMMENDATION REGARDING PATTERSON'S MOTION TO SEVER INDICTMENT AND MOTION FOR AN EVIDENTIARY HEARING**<br><br>(Docket Nos. 41, 46) |

The court has now before it a motion by the defendant, Joshua Michael Patterson, seeking to sever counts of the indictment against him. (Docket No. 41; memorandum at No. 42). Said motion is made on the grounds that the joinder of these counts is improper and/or would cause unfair prejudice to Mr. Patterson at trial. The motion is opposed by the government. (Docket No. 46; reply at No. 49). Additionally, Patterson moves for a motion for an evidentiary hearing on his motion to sever. (Docket No. 46; opposition at 48). For the reasons that follow, Patterson's motion to sever should be granted in part and denied in part, and his motion for an evidentiary hearing should be denied.

BACKGROUND

The indictment charges Patterson with three bank robberies in violation of 18 U.S.C. § 2113, and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) as follows:

1. Denali Alaskan Federal Credit Union, December 13, 2005
2. Wells Fargo Bank, December 21, 2005

3. Credit Union One, January 11, 2006

The superseding indictment against Patterson also charged him with stealing two different firearms, a rifle and a pistol, between the dates of November 26, 2005 and January 11, 2006. It is not disputed that these charges may include witnesses such as the gun owners, pawn shop employees, pawn shop records, and police witnesses to describe the collection of physical evidence. The superseding indictment also includes two charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). These charges are based on evidence of a felony conviction in California for weapons misconduct, and necessitate (absent a stipulation) the presentation of documentary evidence of a past felony, in addition to physical and testimonial evidence.

### DISCUSSION

Two questions are presented. First, were the offenses properly joined? Second, should any of the counts be severed from one another and if so which ones?

### I
### WAS THE JOINDER OF OFFENSES IMPROPER?

Fed. R. Crim. P. 8(a) permits an indictment to charge multiple offenses as long as that offenses "are of the same or similar character or are based on the same act or transaction or on two or more transactions connected together or constituting parts of a common scheme or plan." In assessing whether offenses were properly joined in the superseding indictment, the court must examine "only the allegations in the indictment". *U.S. v. VonWILLIE,* 59 F.3d 922, 929 (9th Cir. 1995). The government submits that Rule 8 is to be liberally applied in favor of joinder. But the case the government cites – *U.S. v. SARKISIAN,* 197 F.3d 966, 975 (9th Cir. 1999) – discusses Rule 8(b), not Rule 8(a). Nonetheless, it is clear that joinder of the counts in the superseding indictment was appropriate in this case. The allegations in the indictment "are based on . . . two or more transactions connected together or constituting parts of a common scheme or plan". That is a felon who, possessing firearms he stole, robbing several banks in relatively quick

succession. Patterson's motion is not well taken regarding a joinder of counts.

## II
## SHOULD SOME OF THE COUNTS BE SEVERED?

Although the counts are properly joined, they may still be subject to severance. Fed. R. Crim. P. 14 provides if the joinder of offenses appears to prejudice a defendant the court may order separate trials of counts. Patterson contends that joinder of the counts against him would prejudice the jury against him in deciding them. Specifically, he posits there should be severance of the:

1. Felon-In-Possession Charges.

Patterson convincingly argues that joint trial of the felon-in-possession charges (Counts 9 and 10) with the other charges might cause the jury to improperly consider evidence of his previous felony conviction in relation to the other charges because they would conclude: "he is a 'bad guy'" "or convict because 'he committed a crime before and is probably did this one too.'" *See U.S. v. Nguyen,* 88 F.3d 812, 815 (9th Cir. 1996). "All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges." *Id.* Indeed, the Ninth Circuit expressly published *Nguyen* ". . . to alert trial judges and prosecutors that the practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this court, or, for that matter, by other Circuits." *Id.*

While the government contends that no counts should be severed, it concedes that if any count should be severed it is the felon in possession count. Unlike *Nguyen,* which was rescued from reversal by overwhelming evidence including video and audio recordings, there is no showing by the government that such overwhelming evidence is present here. Moreover, the option of a cautionary instruction is viewed with

such disfavor by the Ninth Circuit, that it is surprising that the government would want to risk reversal by relying on one trial. *Id*. at 817. The court should not risk it. The felon in possession charges should be severed from the other charges and tried separately.

2. Severance of the Theft Counts

Patterson urges the theft of firearms charges (Counts 7 and 8) be severed because "[t]hese are simple and relatively bland offenses in the context of the indictment." He notes that there is "almost no overlap of witnesses". He further notes that the felony conviction and the robberies would not be admissible on the stolen firearms charges.

The fact that there is "almost no witness overlap" is a far cry from no witness overlap when considered in the context of the superseding indictment. As discussed *supra,* the allegations in the superseding indictment "are based on . . . two or more transactions connected together or constituting parts of a common scheme or plan". The stolen firearms charges are logically factually and interweaved with the bank robbery charges. Absent the felony conviction charges, it will be quite safe to give the jury a cautionary instruction that calls upon them to keep separate the proof required for the respective charges. The motion to sever should be denied as to counts 7 and 8.

3. Severance of Denali Alaskan Federal Credit Union Robbery From Other Robberies

Lastly, Patterson argues that the court should sever the Denali Alaskan Federal Credit Union Robbery from the other two Robberies. He submits that the evidence of the Denali robbery is less strong than the other two robberies, but highly prejudicial. The Denali robbery, he continues, involved "frightening conduct by someone who may be another, uncharged suspect", and [t]here is a danger that the prejudicial inflammatory conduct of the Denali robber will spill over into the later two robberies, and that the stronger identification evidence in the Wells Fargo and Credit

Union One incidents will assure an unjust conviction for the Denali incident. As Patterson notes, the Ninth Circuit teaches disparity in the amount of evidence may sometimes be a basis for severance of defendants. *United States v. Douglass,* 780 F.2d 1472, 1479 (9th Cir. 1986); *United States v. Donaway,* 447 F.2d 940 (9th Cir. 1971). At first blush, it would seem logical to extend this rule to motions for severance of counts.

The court is not persuaded. While Patterson is correct that no defendant should be convicted solely on the basis of "propensity" evidence – Fed. R. Evid. 404 – propensity evidence *per se* is not at issue. This is not a question of past conduct being used to prove subsequent conduct. This is a case of proving an alleged crime spree. Rule 404 expressly provides for the admission of evidence of other crimes wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. The prejudice Patterson complains of falls squarely within that exception. Additionally, unlike the case relied on by Patterson – *United States v. Terry,* 911 F.2d 272, 276-277 (9th Cir. 1990) – the instant case does not involve misjoinder under Rule 8 because of prejudice and no overlapping evidence. Not only does the evidence overlap, but it is precisely the sort of evidence which is contemplated by the other crimes, wrongs or acts exception of Rule 404. The court's instructions to the jury can protect against unfair prejudice.

CONCLUSION

For the foregoing reasons it is hereby recommended that Patterson's motion to sever counts (Docket No. 41) be **GRANTED in part and DENIED in part**. Counts 9 and 10 (the felon-in-possession counts) should be severed for separate trials. The motion should be denied in all other respects. Patterson's motion for an evidentiary hearing (Docket No.46) should be denied because the court should examine only the allegations in the indictment. *United States v. Rousseau,* 257 F.3d 925, 931 (9th Cir. 2001).

DATED this 3rd day of May, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
U.S. Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business May 11, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **May 15, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).