Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>        Defendant. | NO. 3:06-cr-0010-JWS<br><br>**OBJECTIONS TO RECOMMENDATION REGARDING IN-COURT IDENTIFICATIONS** |

The defendant, JOSHUA MICHAEL PATTERSON, through counsel, objects as follows to the recommendation of the magistrate judge, Docket No. 43, regarding "show-ups" which may have occurred at the defendant's arraignment April 23, 2006.

1.      The defense objects to the court permitting the government to avoid specifying whether or not any transactional witnesses attended the defendant's second arraignment.  The government concedes that there may have been witnesses in the group of people who observed the arraignment.   The government can ascertain whether or not witnesses attended with no more than three (3) phone calls to the security directors of the three banks.   If there were no potential witnesses at the proceeding, the matter is ended.

But if potential transactional witnesses saw Mr. Patterson in a red jail suit with chains around his waist and shackles on his feet, a suggestive identification occurred.

2. The defense objects to the failure to hold an evidentiary hearing, or require other evidentiary material such as affidavits from the prosecutor or potential witnesses, to determine the likelihood of suggestive identification procedures. The magistrate judge's report acknowledges, on page 3, that the issue of "whether the testimony is tainted by impermissible suggestive identification procedure is one for the court to determine before the evidence is presented to a jury." The report simply postpones the inquiry for the trial judge, when the inquiry will be unwieldy and prejudicial to an efficient jury determination.

3. The report erroneously uses the Crime Victims Rights Act, 18 U.S.C. § 3771(a) to justify the situation here. (Page 4) That law does not convey the right for a victim to attend a public court proceeding if the "court determines that testimony by the victim would be materially altered if the victim. . .[saw a suggestive identification]. . .at that proceeding." Here, by the failure to identify potential witnesses, the government avoided giving the court the opportunity to make the determination contemplated by § 3771.

4. The report neglects to mention the fact that substitute counsel, Mr. McCoy, was present for Mr. Patterson at the arraignment. The arraignment was calendared quickly after the government chose to seek a superceding indictment. Defense counsel had no control over the time frame. Previously-appointed counsel for Mr. Patterson was in Atlanta, Georgia at a seminar sponsored by the Federal Judicial Center when the arraignment occurred. Substitute counsel should not be required to understand

the identification problems and make inquiries in a case where he is substituting at the last minute. On the other hand, government counsel can be expected to verify the presence of potential witnesses, especially since the U.S. Attorney's Office employs at least one person as a "Victim-Witness Coordinator."

      5. The report incorrectly finds that Mr. Patterson appeared in court "without any evidence of suggestiveness of identification on the part of the government." (Page 5) The U.S. Marshals brought Mr. Patterson in shackles and wearing a red prison suit, without any other defendants, before the court and spectators. They did this at the court's behest because the prosecutors decided to get a superceding indictment, and because the law requires a court appearance soon after indictment. The situation presents (a) extreme government involvement and (b) a much more suggestive situation than present in a police line-up, a photo line-up or a show-up in the field.

      6. The report erroneously assumes that trial jurors and trial witnesses will presume 'that a defendant is innocent until proven guilty." (Page 5). That presumption may not exist at all, particularly where the witnesses have reinforced a perceived identification in an extremely suggestive setting. The presumption does not obviate the due process principles which prevent use of a suggestive show-up for a tainted identification. The principles of <u>Stovall v. Denno</u>, 388 U.S. 293 (1967); <u>Neil v. Biggers</u>, 409 U.S. 188 (1972) and <u>Manson v. Brathwaite</u>, 432 U.S. 98 (1977) were crafted in the setting where trial defendants were presumed innocent. The due process clause still prevents in-court identification tainted by a prior show-up which is unduly suggestive.

DATED this 10th day of May 2006.

Respectfully submitted,

s/Sue Ellen Tatter  
Assistant Federal Defender  
550 West 7th Avenue, Suite 1600  
Anchorage, AK 99501  
Phone:      907-646-3400  
Fax:         907-646-3480  
E-Mail:     sue_ellen_tatter@fd.org

Certification:  
I certify that on May 10, 2006,  
a copy of the ***Objections to Recommendation Regarding In-Court Identifications*** was served electronically on:

Joseph W. Bottini  
Assistant United States Attorney  
U.S. Attorney's Office  
222 West Seventh Avenue #9, Room 253  
Anchorage, AK  99513-7567

s/Sue Ellen Tatter