Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>Defendant. | NO. 3:06-cr-0010-JWS<br><br>**OBJECTIONS TO RECOMMENDATION REGARDING MOTION TO SEVER (At Docket No. 41)** |

The defendant, JOSHUA MICHAEL PATTERSON, through counsel, objects as follows to the recommendation of the magistrate judge (Docket No. 56) regarding severance of counts in the superceding indictment.

1.  The defense objects to the conclusion that the offenses were properly joined under Criminal Rule 8(a).  The prosecutor aggregated numerous disparate charges – theft, weapons, felon-in-possession – which are not the "same or similar character."  Nor are all the charges linked in a "common scheme or plan."  For this determination, the court must look to the offenses as charged in the superceding indictment.  <u>United States v. VonWillie</u>, 59 F.3d 922, 929 (9th Cir. 1995).  There the four charges of possession of stolen

firearms and felon-in-possession are status crimes, spanning more than the period of one month. Each robbery, in contrast, charges a discrete transactional crime on a single day.

        2.      The court erroneously holds that the theft offenses should not be severed. However, the prejudice from the bank robberies will overwhelm the jury's determination on the relatively minor theft crimes. See, Criminal Rule 403. Even if the stolen gun charges are somewhat relevant to the bank robberies, the bank robberies are more prejudicial than probative regarding the theft charges. Under Rule 403, the robberies should not be admissible were the theft charges to stand alone.

        3.      The Denali Alaskan Credit Union robbery and firearms charges, Counts 3 and 4 of the superceding indictment, should be severed from the other robbery charges. These are all separate transactions. For the purposes of the motion to sever, the court should not assume the allegations in the indictment are true. Rather, the court should assume the defendant is presumed innocent of each charge. Whether there is a "spree" or "common scheme" has not yet been determined by an impartial fact-finder.

Stronger facts from the last robbery could elevate the weaker facts from the first robbery into a conviction even if Mr. Patterson is not the robber. The Denali robbery is essentially a "prior bad act" which has limited relevance to the later robberies. See generally, United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982). When two crimes are not logically related, and there is no substantial overlap in evidence, the crimes should not be joined for trial. United States v. Sarkisian, 197 F.3d 966, 976 (9th Cir. 1999). The prior misconduct, here the Denali robbery, must be "virtually identical" and the acts must have occurred in close temporal proximity. United States v. Buck, 548 F.2d 871, 876

(9th Cir. 1977). The Denali robbery has different witnesses, dramatic behavior, an unclear description of the robber, and it occurred an entire month earlier than the robbery at Credit Union One.

There is no issue of intent here. See, e.g., United States v. Coades, 549 F.2d 1303, 1306 (9th Cir. 1977) (government contention that prior conviction for bank robbery is admissible to establish intent is frivolous). The main issue here is identity. In United States v. Carter, 475 F.2d 349 ( D.C. Cir.,1973), the appellate court held that it was error to join unrelated offenses just on the basis of a defendant's apparel.  However, where a prior method of executing a crime is so unusual and distinctive as to resemble a "signature," then the evidence of other conduct is admissible to show identity. E.g., Payne v. United States, 294 F.2d 723, 725-26 (D.C. Cir. 1961) (similar equipment). Examples of a "signature" crime in the bank robbery setting would be "take over" robberies where the robber leaps over the counter and gets the cash himself, and hostage taking with similar restraints such as distinctive plastic tape.

There are probably ten or twenty bank robberies in Anchorage every year perpetrated by white males with brown hair, hooded shirts or jackets and guns, working alone. These are garden variety robberies, not "signature" crimes of unique character.

The Denali Alaskan Credit Union robbery is more prejudicial than probative of identity for the other incidents, and should be severed.

DATED this 11th day of May 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:
I certify that on May 11, 2006,
a copy of the *Objections to Recommendation Regarding Motion to Sever* was served electronically on:

Joseph W. Bottini
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter