UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>                Defendant. | 3-06-cr-00010-JWS-JDR<br><br>**FINAL RECOMMENDATION REGARDING SECOND MOTION TO EXCLUDE IN-COURT IDENTIFICATIONS**<br><br>(Docket No. 43) |

Defendant Joshua Patterson has timely filed objections to the Recommendation that his second motion to exclude in-court identifications be denied. *See*, Objections at Docket entry 57. The government did not file a reply. For reasons stated below, the magistrate judge declines to modify the recommendation with a few comments addressing the objections.

Patterson objects to the lack of a pretrial evidentiary hearing on his motion. The factual context is that a potential government witness to a financial institution robbery may have sat in the courtroom during the defendant's arraignment on an indictment. Granted that the Crime Victim's Rights Act, 18 U.S.C. § 3771(a), allows the court to determine upon clear and convincing evidence that testimony by a victim would be materially altered if the victim heard other testimony at that proceeding, Patterson has not argued that the government had a duty to identify potential witnesses present at the arraignment and bring to the court's attention the defendant's concern about a potentially suggestive identification procedure. As the recommendation explains, neither did Patterson's attorney bring the matter to the court's attention at the arraignment. The record of the arraignment does not indicate that any unduly suggestive identification occurred. Essentially, Patterson is seeking an opportunity to learn the identity of government witnesses and test prior to trial their ability to identify him. The defendant does not enjoy such right.

The objections complain that the court has incorrectly determined that there was no evidence of suggestiveness of identification on the part of the government. To the contrary, the fact that the defendant may have been in shackles and escorted into the courtroom by a deputy marshal does not present a situation of "extreme government involvement," or a situation "much more suggestive . . . than a police line-up, a photo line-up or a show-up in the field." *See*, Objections, p. 3.

The Due Process Clause prevents in-court identification tainted by a prior show-up which is "unduly suggestive." Based on the absence of any proffer by Patterson to support his argument that in-court testimony at trial would be tainted by an impermissible suggestive identification procedure occurring at arraignment, no evidentiary hearing is needed. This recommendation does not limit the trial judge from providing Patterson an opportunity to question a government trial witness who is called to provide eye-witness identification of the perpetrator before the witness is examined in front of the jury. Wherefore, consistent with the recommendation, the pretrial motion at Docket entry 43 to exclude in-court identifications should be denied without prejudice.

        DATED this 16th day of May, 2006, at Anchorage, Alaska.

        /s/ John D. Roberts
        JOHN D. ROBERTS
        United States Magistrate Judge