DEBORAH M. SMITH
Acting United States Attorney

JOSEPH W. BOTTINI
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Emails: joe.bottini@usdoj.gov

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:06-cr-010-JWS<br><br>**PLEA AGREEMENT** |

## I.    **Introduction**

    A.    Unless the parties subsequently inform the district court in writing of any

additional agreements, this document contains the complete plea agreement between

the  defendant and the United States.   The defendant understands this agreement is

limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B.     Unless the parties otherwise inform the district court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1)(C)will control his plea agreement. This means that the defendant may **not** withdraw from this agreement or the guilty pleas unless (1) the district court indicates that it will not accept the parties stipulation that a total sentence of 300 months (25 years) imprisonment be imposed; (2) the court denies the government's post-imposition of sentence motion to dismiss remaining charges in the First Superseding Indictment, or (3) if the United States Attorney in the District of Alaska prosecutes additional charges arising from the investigation that resulted in the charges filed against the defendant.

C.     Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.     What the Defendant Agrees to do

### A.     Defendant's Understanding

I, Joshua Michael Patterson, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the

following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

### B.   Charges to which the Defendant is Pleading Guilty

I agree to enter a plea of guilty to Counts 1, 2, 3, 5, and 10 of the First Superseding Indictment, which charge me as follows:

**Counts 1, 3, and 5:**  Armed Robbery of Financial Institution - 18 U.S.C. §§ 2113(a) and (d);

**Count 2:**  Brandishing a Firearm During and in Relation to and in Furtherance of a Crime of Violence - 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii); and

**Count 10:**  Felon in Possession of Firearm - 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## C.    Statutory Maximum Sentence

I understand the statutory maximum sentences for these counts that I am pleading guilty to are as follows:

**Counts 1, 3, and 5:** (1) 25 years of imprisonment; (2) a $250,000 fine; (3) a $100 mandatory special assessment; and (4) a 3 year term of supervised release;

**Count 2:** (1) a Mandatory Minimum Sentence of 7 years to be imposed consecutive to the sentence on Count 1, (2) a $250,000 fine, (3) a $100 mandatory special assessment, and (4) up to a 3 year term of supervised release; and

**Count 10:** (1) 10 years of imprisonment, (2) a $250,000 fine, (3) a $100 mandatory special assessment, and (4) up to a 3 year term of supervised release.

## D.    Restitution and Special Assessments

I understand that as part of the sentence to ultimately be imposed, I will be ordered to pay restitution. As part of my plea agreement with the government, I specifically agree to pay restitution to the victim financial institutions (as a result of my guilty pleas to Counts 1, 3, and 5) in the following amounts:

1.   **Credit Union 1 (Count 1): Any amount of money not otherwise recovered from the total of $1,215.00 taken during the robbery;**

2.   **Denali Alaskan Federal Credit Union (Count 3): $1,215.00;**

3.   **Wells Fargo Bank (Count 5): $3,509.00.**

Agreement to Pay Restitution for Uncharged Conduct

In addition, as part of this plea agreement, I agree to pay restitution to the following listed victim financial institutions as a result of a financial institution fraud scheme involving stolen and forged personal and business checks which I was involved in. As part of this plea agreement, and specifically in exchange for my agreement to make restitution in this regard, I understand that the United States agrees not to charge me with any criminal offenses resulting from the "stolen and forged check" scheme, which was in existence from approximately November 23, 2005, until approximately December 7, 2005, in Anchorage, Alaska. I therefore agree to pay restitution to the following financial institutions in amounts to be established at sentencing:

1.   **Credit Union 1;**

2.   **Denali Alaskan Federal Credit Union;**

3.   **Northrim Bank; and**

4.   **First National Bank Alaska.**

I agree to waive all my rights under Hughey v. United States, 495 U.S. 411 (1990) to contest such a restitution order, understanding that the court could not ordinarily order me to pay restitution for such uncharged conduct. I specifically agree to pay such restitution as part of my bargained for exchange with the United States as set forth in this plea agreement.

As to the restitution and the mandatory Special Assessments which I understand will be imposed as part of my sentences, I agree I will owe the entire amount of the restitution ordered and the special assessments on the day the district court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## E.   Application of the United States Sentencing Guidelines

I understand the district court must consult the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I understand the U.S.S.G. do not establish the statutory maximum sentence applicable to the offenses to which I am pleading guilty. I also understand that while the U.S.S.G. are not mandatory and that the district court is not bound to impose a sentence recommended by the U.S.S.G., the district court may nonetheless find the sentence recommended by the U.S.S.G. to be reasonable in my case, after considering the factors set forth in 18 U.S.C. § 3553(a).

Below is a summary of a possible sentencing range under the U.S.S.G. for my case. This summary does not include all possible aggravating or mitigating adjustments available under the U.S.S.G. nor does it take into account the sentencing factors set forth in 18 U.S.C. 3553(a). This summary binds neither the district court, the defendant, nor the United States. I understand the district court has the discretion to ultimately impose a sentence that is higher than or lower than the range contained in the summary, however, I also understand that an agreed sentence of 25 years imprisonment is part of the plea agreement in this case.

I understand and agree the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the district court might impose are only estimates and do not bind the district court.

**Count 1 (Credit Union 1 Robbery):**

Base Offense Level (2B3.1(a)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Property of a Financial Institution (2B3.1(b)(1)) . . . . . . . . . . . . . . . . . . . +2

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**Count 3 (Denali Alaskan Federal Credit Union Robbery):**

Base Offense Level (2B3.1(a)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Property of a Financial Institution (2B3.1(b)(1)) . . . . . . . . . . . . . . . . . . . . +2

Brandished Firearm (2B3.1(b)(2)(C)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +5

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

**Count 5 (Wells Fargo Robbery):**

Base Offense Level (2B3.1(a)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Property of a Financial Institution (2B3.1(b)(1)) . . . . . . . . . . . . . . . . . . . +2

Brandished Firearm (2B3.1(b)(2)(C)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +5

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

**Count 10 (Felon in Possession of Firearm):**

Base Offense Level (2K2.1(a)(2)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Stolen Firearm (2K2.1(b)(4)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +2

Firearm Used to Commit Another Felony (2K2.1(b)(2)(C)) . . . . . . . . . . . +4

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

**Multiple Count Adjustment:**

Highest offense level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Number of "Multiple Count" Units is 3 1/2, add 4 levels . . . . . . . . . . . . +4

Adjusted Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3

Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Upward Departure for Dismissed / Uncharged Conduct (5K2.21)[1] . . . . . . +2

Total Adjusted Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Estimated Criminal History Category . . . . . . . . . . . . . . . . . . . . . . . . . . . IV

Total Sentencing Range for Counts 1, 3, 5, and 8:  **188 - 235 months**.

Parties agree to aggregate sentence of **216 months** on Counts 1, 3, 5, and 10

**Count 2:**  (Brandishing Firearm During Credit Union 1 Robbery):  84 months (7 years) mandatory consecutive sentence to the agreed sentence of 216 months on Counts 1, 3, 5, and 10.

Total Stipulated Sentence of Imprisonment:  **300 Months (25 Years)**

**F.   Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

**G.     Elements of the Offenses**

My attorney has explained the charges to which I am pleading guilty and the elements necessary to establish my guilty pleas.  The district court will further advise

---

2.  This consists of the dismissed charges pursuant to this plea agreement (Counts 4, 6, 7, 8, and 9) **and** the uncharged Financial Institution Fraud charges Mr. Patterson faces as a result of the stolen and forged check case.

me of the necessary elements. I understand that the elements of these offenses are as follows:

**Counts 1, 3, and 5:**    Armed Robbery of Financial Institution - 18 U.S.C. §§ 2113(a) and (d):

In order to sustain a conviction for Armed Robbery of a Financial Institution, as charged in Counts 1, 3, and 5 of the First Superseding Indictment, the United States would have to prove beyond a reasonable doubt the following elements:

> *One:*  the defendant took money belonging to a financial institution as specified in each count;
>
> *Two:*  the defendant used force and violence, or intimidation in taking this money;
>
> *Three:*  the deposits of the specified financial institution were then federally insured by either the Federal Deposit Insurance Corporation or the National Credit Union Administration.
>
> *Four*, the defendant intentionally made a display of force that reasonably caused a financial institution employee to fear bodily harm by the use of a firearm.

**Count 2:**  Brandishing a Firearm During and in Relation to and in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii):

In order to sustain a conviction for Brandishing a Firearm During and in Relation to and in Furtherance of a Crime of Violence as charged in Count 2 of the First Superseding Indictment, the United States would have to prove beyond a reasonable doubt the following elements:

> *One:* the defendant committed the Crime of Violence charged in Count 1 of the First Superseding Indictment;
>
> *Two:* the defendant knowingly brandished a firearm; and
>
> *Three:* the defendant brandished the firearm during and in relation to the crime of violence charged in Count 1 of the Indictment.

**Count 10:**   Felon in Possession of Firearm - 18 U.S.C. §§ 922(g)(1) and 924(a)(2):

In order to sustain a conviction for Felon in Possession of a Firearm as charged in Count 10 of the First Superseding Indictment, the United States would have to prove beyond a reasonable doubt the following elements:

> *One:* that between on or about November 26, 2005, and on or about January 11, 2006, the defendant was a convicted felon;
>
> *Two:* that at various times between these dates, the defendant knowingly possessed a firearm - specifically, a Smith and Wesson .44 magnum revolver, serial number AVT8479; and

*Three:* this firearm was manufactured outside the State of Alaska.

## H.     Factual basis for the pleas

I admit that the allegations against me in Counts 1, 2, 3, 5, and 10 of the First Superseding Indictment are true and stipulate that the following minimum factual basis for my pleas is true and supports my guilty pleas in this case:

On or about July 15, 2003, JOSHUA MICHAEL PATTERSON ("Patterson") was convicted of a felony offense in the State of California Superior Court, El Dorado County, in Case No. PO3CRF0123, specifically, Armed Criminal Action, a violation of California Penal Code Section 12023.

Thereafter, at various times between approximately November 26, 2005, and January 11, 2006, Patterson, as a convicted felon, was unlawfully in possession of a Smith and Wesson .44 magnum revolver, serial number AVT8479 , knowing or having reasonable cause to believe that the firearm was stolen.  This particular weapon had been manufactured outside the State of Alaska.

On December 13, 2005, Patterson robbed the Denali Alaskan Federal Credit Union branch located at 3020 Minnesota Drive, in Anchorage, Alaska, by brandishing the handgun described above and by demanding money. Patterson took approximately $1,215.00 from employees of Denali Alaskan Federal Credit Union during this robbery.  The deposits of Denali Alaskan Federal Credit Union were then insured by the National Credit Union Administration.

On December 21, 2005, Patterson robbed the Wells Fargo Bank Alaska branch located at 6961 Jewel Lake Road, in Anchorage, Alaska, by brandishing the same handgun and by demanding money.    Patterson took approximately $3,509.00 from employees of Wells Fargo Bank Alaska during this robbery.    The deposits of Wells Fargo Bank Alaska were then insured by the Federal Deposit Insurance Corporation.

On January 11, 2006, Patterson robbed the Credit Union 1 branch located at 3500 Eide Street, in Anchorage, Alaska, by brandishing the same handgun and by demanding money.    Patterson took approximately $1,215.00 from employees of Credit Union 1 during this robbery.    The deposits of Credit Union 1 were then insured by the National Credit Union Administration.

## I.    Waiver of trial, appellate, and collateral attack rights

I understand I have the following rights:

--    The right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

--    The right to plead not guilty or to persist in that plea if it has already been made;

--    The right to a speedy and public trial by jury on the factual issues establishing my guilt or my sentence, and any issue affecting my interest in any forfeitable assets;

--    The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person;

By pleading guilty, I understand and agree I am not only waiving all of these applicable rights but also my right to appeal my convictions. Additionally, if the district court imposes a sentence that does not exceed the statutory maximum sentence – as set forth in this agreement – I understand and agree that I am waiving without exception my right to appeal all rights contained in 18 U.S.C. § 3742 to appeal the sentence the district court imposes upon me – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily

agree to waive all right to collaterally attack my conviction(s) and/or sentence –
including forfeiture (if applicable) or terms or conditions of probation (if applicable)
or supervised release, and any fines or restitution – the district court imposes. The
only exceptions to this collateral attack waiver are as follows: 1) any challenge to the
conviction or sentence alleging ineffective assistance of counsel -- based on
information not now known to me and which, in the exercise of reasonable diligence,
could not be known by me at the time the court imposes sentence; and 2) a challenge
to the voluntariness of my guilty plea(s). I understand a collateral attack is an
additional means separate from an appeal by which I could challenge my conviction
or sentence. I also agree that if the my guilty plea is rejected, withdrawn, vacated,
reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified,
at any time, in any proceeding, for any reason, the United States will be free to
prosecute me on all charges arising out of the investigation of this case for which
there is probable cause.

### J.    Satisfaction with Counsel

I am fully satisfied with the representation given me by my attorney and am
prepared to repeat this statement at the time I stand before the district court and enter
my guilty pleas. My attorney and I have discussed all possible defenses to the
charges to which I am pleading guilty. My attorney has investigated my case and
followed up on any information and issues I have raised to my satisfaction. My

attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

### III.   What the United States Agrees to do

A.   In exchange for the defendant's pleas of guilty to Counts 1, 2, 3, 5, and 10, the United States agrees to dismiss the remaining counts of the First Superseding Indictment (Counts 4, 6, 7, 8, and 9). The United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty pleas.

In addition, in exchange for the defendant's agreement to pay restitution relating to the "stolen and forged check scheme", as set forth at section II D of this agreement, the United States agrees not to charge the defendant with any criminal offenses resulting from this scheme, which was in existence from approximately November 23, 2005, until approximately December 7, 2005, in Anchorage, Alaska.

Provided, however, if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation

of this case (including the stolen and forged check investigation) for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

      B.    If the defendant is completely candid and truthful with both the district court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

      C.    The United States agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the defendant will be sentenced to a total of 300 months (25 years) imprisonment. If the court indicates that it will not impose this sentence as agreed to by the parties, then either party will be free to withdraw from this agreement.

D.    The United States agrees to concur in any recommendation made by the court at sentencing that the defendant initially be designated to a United States Bureau of Prisons medical facility in order that psychological and medical assessments / treatment of the defendant can be made. In addition, the United States agrees to concur in any recommendation by the court at sentencing that the defendant be placed to obtain the 500 hour drug treatment program as well as other available educational, training and mental health counseling programs.

IV.    **Adequacy of the Agreement**

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

V.    **The Defendant's Acceptance of the Terms of this Plea Agreement**

By my signature below, I, JOSHUA MICHAEL PATTERSON, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.

18

If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the district court in writing before I enter my guilty pleas.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the district court.

I understand the district court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Counts 1, 2, 3, 5, and 10.

DATED:  _5/17/06_          _____
                           JOSHUA MICHAEL PATTERSON
                           Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony.  Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty.  I know of no reason to question the defendant's competency to make these decisions.  If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED:  _5/17/06_          _____
                           SUE ELLEN TATTER
                           Attorney for Joshua Michael Patterson

On behalf of the United States, the following accept JOSHUA MICHAEL PATTERSON's offer to plead guilty under the terms of this plea agreement.

DATED:  _5/17/06_          _____
                           JOSEPH W. BOTTINI
                           Assistant U.S. Attorney
                           Federal Building & U.S. Courthouse
                           222 W. 7th Avenue, #9, Rm. C-253
                           Anchorage, AK  99513-7567
                           Phone: (907) 271-5071

Fax: (907) 271-1500
Emails: joe.bottini@usdoj.gov

DATED: 5/18/06

DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Emails: deb.smith@usdoj.gov