Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL PATTERSON,<br><br>           Defendant. | NO. 3:06-cr-0010-JWS<br><br>**SENTENCING MEMORANDUM OF THE DEFENSE** |

**I.     INTRODUCTION**

The defendant, JOSHUA MICHAEL PATTERSON, through counsel, presents this memorandum for the court in aid of sentencing set for August 8, 2006. This case involves a plea agreement with a stipulated 25-year sentence for three bank robberies involving a weapon. The government has agreed to dismiss some of the original charges under 18 U.S.C. § 924(c), which would have created a statutory minimum of 57 years in this case. The resulting stipulated 25-year sentence is "sufficient" under 18 U.S.C. § 3553(a) to achieve the goals of the sentencing statute. The stipulated sentence is similar to sentences in other cases involving multiple bank robberies.

Mr. Patterson's main concern is treatment, rehabilitation and safety in prison. To this end, the defense requests the court, in line with the letter of Ronald Martino, M.D. (herewith attached as Exhibit A), to "strongly recommend" initial placement at a medical facility such as FMC Rochester. The prosecution has agreed to concur in a recommendation for a medical facility and participation in the 500 Drug and Alcohol Program. (Section IIID of the plea agreement) In addition, the defense requests certain alterations of the presentence report (PSR) to maximize rehabilitation potential in prison.

## II.  THE NEED FOR TREATMENT – REQUEST FOR RECOMMENDATION

The defense requests a strong recommendation for initial placement of Mr. Patterson in the Federal Medical Center at Rochester. The prosecutor concurs in a court recommendation for medical treatment and rehabilitative programs.

Mr. Patterson is a 35-year-old man who first had mental and behavior problems in kindergarten. His mother reports that he fell and injured his head severely when he was four years old, experiencing what seemed to be seizures. (PSR ¶ 97) During elementary school, Mr. Patterson's teachers and counselors referred him to various hospitals within the University of California system for learning and behavior problems. As a teenager, he engaged in substance abuse and ended up in foster care and treatment programs. He had several convictions as an adult, including a term of several years in a Maine prison for drug offenses.

Throughout his life, Mr. Patterson suffered mental problems related to the bi-polar disorder which Dr. Martino has described. Mr. Patterson has experienced cyclical

depression and frenzied activity. He has been intermittently a good worker and kind friend, lapsing into periods of drug use and attendant legal problems.

At the same time as Mr. Patterson faced the mental difficulties, he has been beset with spine and other orthopedic problems, cardiac problems, hypertension and diabetes. As a result of the diabetes, Mr. Patterson suffers diabetic neuropathy, which manifests itself in severe pain requiring medication. The hypertension and diabetes also require medication. (See PSR ¶¶ 98-100 and letter of Dr. Martino, Exhibit A) Dr. Martino recommends that Mr. Patterson be evaluated at a prison medical center so that all his problems, including bi-polar disorder, can be treated. It is Dr. Martino's opinion that Mr. Patterson can behave and benefit from prison programs once his medical and mental situation is stabilized.

A person with a 25-year sentence, a criminal history and current offenses involving firearms probably will be initially classified to a high security institution in the Bureau of Prisons. Such an institution has only minimal programs and antagonistic inmates. In counsel's opinion (educated by clients in the BOP), medical treatment can be sporadic and unprofessional in such institutions, and medication for bi-polar disorder unlikely. However, Mr. Patterson is a kind, moral person who desires to improve himself and help others. He is constantly "sticking his neck out" in prison on behalf of retarded or weak inmates. He desperately desires to participate in prison programs such as the DAP program, even knowing he is not eligible for sentence reduction. It is the defense belief, supported by Dr. Martino and the medical records, that Mr. Patterson, with initially stable

medical and mental conditions, can be a safe, productive prisoner with relatively few problems.

Thus the defense, with the concurrence of the prosecution, requests the court to "strongly recommend" initial placement at FMC Rochester for evaluation of medical and mental problems.

### III.    THE PRESENTENCE REPORT

The defense requests that the letter of Ronald Martino, MD, be attached to the PSR permanently, so that the Bureau of Prisons will have the benefit of the evaluation and recommendations.

In addition, the defense provided United States Probation with a letter from Samuel Gurel, Mr. Patterson's former employer and a victim in this case (Exhibit B). Mr. Gurel, although he lost money, is very sympathetic to Mr Patterson and is eager for him to get treatment. This letter should be attached to the PSR or referenced in the "Victim Impact" section of the PSR, or in paragraphs 69-72 where the offenses involving Mr. Gurel are described.

### IV.    CONCLUSION

The defense requests this Court to approve the plea agreement and sentence Mr. Patterson to a term of 25 years. The defense requests that the Court "strongly recommend" initial placement at FMC Rochester and maximum availability of rehabilitation and other programs. The defense requests that the Court "strongly recommend" that the

DAP program be available to Mr. Patterson. Finally, the defense requests that the prosecution write the "concurrence" to such a recommendation which the plea agreement describes.

DATED this 1st day of August 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:
I certify that on August 1, 2006,
a copy of the ***Sentencing Memorandum of the Defense*** was served electronically on:

Joseph W. Bottini
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Sue Ellen Tatter