DEBORAH M. SMITH
Acting United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-0010-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S** |
| vs. | ) | **SENTENCING** |
| | ) | **MEMORANDUM** |
| JOSHUA M. PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and

submits its memorandum for the Imposition of Sentence Hearing scheduled for

August 8, 2006.

I.    **INTRODUCTION**

As noted in the Addendum to Revised Presentence Report ("PSR") the

United States had no objections to the Draft PSR.  It appears that any objections

that the defendant had have been addressed in the supplement to the Revised PSR.

Thus, at this time, the government does not see the need for an evidentiary hearing at sentencing on any issues.

## II.    THE AGREED SENTENCE AND GUIDELINE CALCULATIONS

As the primary component of the plea agreement in this case, the parties reached an agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a total sentence of 300 months in custody would be imposed at sentencing. The bargained for exchange which lead to the plea agreement in this case included a large concession on the part of the United States in agreeing to dismiss the two remaining 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) counts. That concession alone reduced Patterson's incarceration exposure (assuming he were to be convicted of these charges) by 50 years. The government also agreed not to charge Patterson with any criminal offenses as a result of his involvement in a stolen and forged check scheme.

The estimated sentencing guideline calculations included in the plea agreement differ from those set forth in the Revised PSR. The difference appears to stem largely from the plea agreement inaccurately calculating one of Patterson's prior convictions as a "crime of violence." This conviction (a 2003 felony conviction in California for committing an "Armed Criminal Action") does not

actually qualify as a crime of violence.  Thus, the calculations in tha Plea Agreement concerning the ultimate base offense level resulted in a higher estimated sentencing guideline projection.

Nevertheless, the parties have agreed that a sentence of 300 months shall be imposed as the custody sentence in this case and the government would submit that it is an appropriate sentence given the circumstances.  Patterson committed three armed financial institution robberies within a one month window of time.  For this he faced a sentence (had he gone to trial and been convicted of all charges) of over 60 years in prison.  The agreed to custody sentence cut that exposure by well more than half.

One of the basis that the court can rely on to justify the agreed sentence in this case is to factor in an upward departure for Dismissed and / or Uncharged Conduct pursuant to U.S.S.G. §5K2.21.  The Plea Agreement specifically recognized this as a basis for an upward departure as does the Revised PSR (at ¶ 163). [1]

The government therefore requests that the defendant be sentenced as follows:

---

1. This consists of the dismissed charges pursuant to the plea agreement (Counts 4, 6, 7, 8, and 9) as well as the uncharged Financial Institution Fraud charges Mr. Patterson faced as a result of the stolen and forged check case.

(1)    **The agreed 300  month custody sentence**;

(2)    **No fine is requested** due to the defendant's inability to pay;

(3)    **Restitution as set forth at ¶ 162 of the PSR *and* as agreed by Patterson (as part of the Plea Agreement) for the uncharged conduct which is described at ¶¶ 69 through 72 of the Revised PSR ("Offense Behavior Not Part of Relevant Conduct")**;

(4)    **A five (5) year period of supervised release,** and

(5)    **Special assessments in the amount of $500.00** are, of course, required.

RESPECTFULLY SUBMITTED this  1ˢᵗ day of August, 2006, at

Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/ Joseph W. Bottini
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

**CERTIFICATE OF SERVICE**
I declare under penalty of perjury that a true
and correct copy of the foregoing was sent
electronically to Sue Ellen Tatter on
April 18, 2006.

 s/ Joseph W. Bottini